**Frangky WATUSEKE, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 07–0565–ag.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Lawrence Spivak, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Frangky Watuseke, a native and citizen of Indonesia, seeks review of a January 19, 2007 order of the BIA affirming the July 29, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein pretermiting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Watuseke, Frangky,* No. A 96 423 883 (B.I.A. Jan. 19, 2007), *aff'g* No. A 96 423 883 (Immig. Ct. N.Y. City, July 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclu-sive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, we decline to review the denial of Watuseke's asylum application because he explicitly waived that issue before this Court. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002). Likewise, we consider Watuseke's claim for CAT relief to be waived because he did not raise it before this Court. *Id.*

▮ As to Watuseke's claim for withholding of removal, the record supports the agency's determination that his alleged experiences did not amount to past persecution. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216, 222 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," inflicted by the government of a country or by persons or an organization that the government is unable or unwilling to control); *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir. 2006) (clarifying that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"). Here, although Watuseke's experiences suggest he and his family were harassed and treated unfairly by private actors in

Indonesia, the BIA properly found that, even when considered cumulatively, such treatment was not severe enough to constitute persecution. *See Fatin v. INS,* 12 F.3d 1233, 1240 (3d Cir.1993) (Alito, J.) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional."); *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005) (finding that, when assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences).

Additionally, substantial evidence supports the BIA's and IJ's determinations that Watuseke did not establish a clear probability of future persecution. Watuseke argues that the agency committed legal error in failing to discuss "individualized risk based upon past persecution and current persecution." However, this argument fails because the IJ accurately observed that Watuseke did not allege that he or his family had ever been directly threatened by Muslim extremists.

Watuseke also argues that he is at "particularized risk" of future persecution such as physical assaults and illegal interference with freedom to worship because of his "ministry background." He asks us to apply the reasoning of the Ninth Circuit in *Sael v. Ashcroft,* 386 F.3d 922 (2004), to find that he demonstrated a clear probability of future persecution as a member of a "disfavored group." We decline to do so. The record supports the BIA's and IJ's determination that Watuseke failed to show that he qualified for withholding of removal based on his membership in a group which is subject to a "pattern or practice of persecution." 8 C.F.R. § 1208.16(b)(2)(i). Considerable evidence in the record suggests that in 2004 and 2005, Christians were targeted by private actors and that at times the Indonesian government failed to hold accountable some religious extremists and perpetrators of religion-based discrimination. However, even if Watuseke is correct in arguing that the agency inappropriately discounted this evidence by relying on outdated precedents, he failed to show that a reasonable factfinder would be compelled to find that the Indonesian government was unable or unwilling to prevent persecution by private actors. *See Ivanishvili,* 433 F.3d at 342 (requiring a showing of persecution "at the hands of government agents or private actors who behave with impunity in the face of government reluctance to intervene").

The record supports the conclusion that the Indonesian government has made some efforts to combat private actors' attacks on Christians. We defer to the IJ's assessment of the evidence because the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006) (quoting *Asociacion de Compositores y Editores de Musica LatinoAmericana v. Copyright Royalty Tribunal,* 854 F.2d 10, 13 (2d Cir.1988)). In sum, substantial evidence supports the agency's determination that Watuseke failed to establish a pattern or practice by private actors whom the government was unable or unwilling to control.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).